Johnson, C. J., delivered the opinion of the court. The plaintiff in error has raised two several objections to the judgment of the court below: 1st, that the writ of garnishment was sued out of the Crawford circuit court, and directed to the sheriff of Pulaski county, by whom it was executed: 2d, that there is no valid or legal service of the writ. We will consider the last objection first. The 2d section of the 69th chap, of the Rev. St. of Ark., provides that “If such writ be issued out of the circuit court it shall be directed to the sheriff, and if issued by a justice of the peace, it shall be directed to the proper constable, and shall be served and returned in the same mannei; as writs of summons.” The sheriff certified that he served the writ by reading the same to the defendant below. The service is a strict compliance with th§ law regulating the service of a summons, and is consequently a good and valid service of the writ. We consider this objection ill founded, and that there is no error in this particular. This brings us to the other ground of objection. It is enacted by the fourth section of 116th chapter of the Rev. Statutes that “suits instituted either by summons or capias shall be brought, where the defendant is a resident of this State, either in the county in which the defendant resides, or in the county in which the plaintiff resides and the defendant may be found.” The real question involved in the first objection is, whether a writ of garnishment can legally issue out of the circuit court of one county, and run into any other county in the State, or whether it is restricted and confined to the territorial limits of the county where it is issued.' In order to'a correct decision of this question, it will be first necessary to ascertain whether a suit, instituted by a writ of garnishment is a local or transitory action. The 6th section of the act already referred to, enacts that, “In all actions for trespass committed on lands and all other actions deemed local at common law, the original writ may be issued from the county where the injury was committed, to any other ctfunty of this State, where the defendant may be found; but in declaring in any such action^ the plaintiff shall not set forth any thing or matter which would be the subject of a transitory action.” Where the cause of action could only .have arisen in a particular county, the venue is local and could only be laid in that County. Such are all real or mixed actions; as the action of ejectment, and quare clausumfregit. In general, where the cause of action is founded upon .contract, or where the injuries affect personal rights, or personal property, the venue is transitory, and may be laid in any county that may be selected; such as actions of assault and battery, false imprisonment, libel, or •actions on the case, or trespass for damages to personal property. The authorities are clear and conclusive upon the point, that in actions of debt, or in scire facias on a recognizance of bail, by bill, and in actions of debt on a judgment of record, the venue is local, and must be laid in the county where the record is. The reason assigned is, that the judgment constitutes a new contract between the parties, and the plaintiff must count upon the record, by which it will appear that the cause of action arose in the county where the judgment wras obtained. See 2 Salk. 564. 7 Mod. 120. Barnes vs. Kenyon, 2 Johnson's cases, 381. The next subject of inquiry is whether the case before us falls within the principle of the cases cited. The reason why the venue is local in action of debt upon a judgment, is that the judgment constitutes a new contract between the parties. Does the judgment between the parties to the original action constitute a new contract, or any contract whatever between the parties to this suit? We think not. It is true that the plaintiff was required to recite the judgment in his writ, and in the absence of such recital, his proceeding could not properly have been maintained; yet it was not designed to be used as evidence to establish and fix the liability of the present defendant. The proceeding by garnishment is, in its character, strictly equitable, and was intended to divest the legal rights of the judgment debtor and transfer them to the creditor, and thereby enable him to collect from third persons all such goods and chattels, monies, credits and effects due or belonging to the debtor as could not be reached by the ordinary process of execution. To give the statute creating the remedy such a construction as to permit the writ to run out of one county into another, would be to create a far greater mischief than that which it was intended to prevent. It would be to subject every individual, however remote, who might be suspected .of being indebted to the judgment debtor to the whims and caprices of the creditor. We think it clear, therefore, that the proceeding by garnishment possesses none of the properties of a local action, but that it is purely transitory, and that therefore the writ cannot legally run beyond the territorial limits ©f the county within which it is issued- We are therefore of opinion that the judgment ©f the circuit court in this cause is absolutely void-said court having acquired no jurisdiction over the person of the defendant by the writ issued to the county of Pulaski, and that there is no valid judgment to which a writ of error will lie from this court. The writ of error must therefore be dismissed.